IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BOBBY WAYNE CRANFORD JR.,<br><br>　　　　　Defendant. | Case No. 23-CR-038-JFH |

**OPINION AND ORDER**

Before the Court are two pro se motions filed by Defendant Bobby Wayne Cranford Jr. ("Defendant"): a motion for discovery [Dkt. No. 43] filed on August 29, 2024, and a further motion for sealed documents [Dkt. No. 44] filed on September 13, 2024. This Court lacks jurisdiction to grant the relief requested, and Defendant's motions must be denied.

Defendant entered a plea of guilty in this matter and was sentenced on May 24, 2024. Dkt. No. 39. Defendant's sentencing terminated this case and the Court's jurisdiction over the case, except in certain narrow circumstances:

> Once a judgment of conviction has been entered, a prison sentence has been imposed and the defendant has begun the service of his term, jurisdiction of the court over the defendant and the criminal proceedings comes to an end except for such remedies as may be provided by the Federal Rules of Criminal Procedure, 28 U.S.C. § 2255, or the all-writs section, 28 U.S.C. § 1651.

*United States v. Rector*, 2008 U.S. Dist. LEXIS 101869, *2-3 (E.D. Cal. Dec. 3, 2008) (quoting *United States v. Gernie*, 228 F. Supp. 329, 332 (S.D.N.Y. 1964)).

Defendant has failed to demonstrate any basis upon which this Court may exercise jurisdiction to consider Defendant's motions, and this Court is unable to identify any such basis for jurisdiction. *See United States v. Sabatino*, 2018 U.S. Dist. LEXIS 230983, *8-10 (S.D. Fla. Feb. 12, 2018) (holding that the Court lacked jurisdiction to consider defendant's post-sentencing

motion for discovery); accord, *Gernie*, 228 F. Supp. at 332; *Rector*, 2008 U.S. Dist. LEXIS 101869, *2-3.

Lastly, the Court notes that it is also in receipt of letters from the Defendant, in which Defendant seeks information from the Court regarding documents that have previously been filed in this case. Dkt. Nos. 45, 46. Defendant has made it abundantly clear that he is dissatisfied with the representation he received in this matter and that he does not feel that he was properly informed about his case. Defendant must know that the Court cannot, and will not, provide legal advice to him. The time for Defendant to raise his concerns in this case has passed; such issues should have been raised before Defendant changed his plea or, at the latest, on appeal. Indeed, in recognition of Defendant's evident frustrations, this Court specifically allotted Defendant extra time to file a Notice of Appeal, which he has declined to do. Dkt. No. 42.

It is not the role of this Court to offer Defendant advice in this case or satisfy his curiosity regarding lingering questions he may have. In fact, as set forth above, this Court has very limited jurisdiction to take *any* further action in Defendant's case, even if it were inclined to do so.

IT IS THEREFORE ORDERED that Defendant's Motion for Discovery [Dkt. No. 43] and Motion to Unseal Documents [Dkt. No. 44] are denied.

IT IS FURTHER ORDERED that the Court Clerk mail a copy of this Order to Defendant.

Dated this 26th day of September 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE